

# UNITED STATES DISTRICT COURT

for the

_____ District of __Alaska__

__Civil__ Division

RECEIVED

OCT 30 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

|  |  |
|---|---|
| __Lonny P. Mattila__ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br> –v– <br><br><br> __(See Attached)__ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names.)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. __3:23-CV-00251-JMK__
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lonny Mattila |
| Street Address | Goose Creek Correctional Center <br> 22301 West Alsop Road |
| City and County | Wasilla, Mat-su Burrough |
| State and Zip Code | Alaska 99623 |
| Telephone Number | 907-864-8132 (admin office) |
| E-mail Address | None |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

<u>Defendants</u>

Lonny P. Mattila,

               Plaintiff,

      V.

City of Palmer,
City of Palmer Police Officer Lynch, Micheal,
City of Wasilla,
City of Wasilla Police Officer Skiba, Sawyer,
State of Alaska,
State of Alaska Attorney General, Taylor, Treg R.,
Palmer District Attorney Office,
Palmer District Attorney Hoffer, Tom,
Palmer District Attorney Winninger-Howard, Melissa,
Assistant District Attorney Roetman, Noah,
Mat-Su Regional Hospital,
Mat-Su Regional Hospital doctor Doe, John,
Guardian Security Systems, Inc.,
Guardian Secutity Systems, Inc. Officer Prahl, David,
Guardian Security Systems, Inc. Officer Crockett, Nathaniel,

      Defendants,

Defendant No. 1

      Name                                           City of Palmer

      Job or Title *(if known)*       City Clerk

      Street Address             City Hall 231 W. Evergreen Ave.

      City and County           Palmer, Mat-Su Burrough

      State and Zip Code        Alaska 99645

      Telephone Number        907-761-1301

      E-mail Address *(if known)*

Defendant No. 2

      Name                                           Lynch, Michael

      Job or Title *(if known)*       City of Palmer Police Officer

      Street Address             423 S. Valley Way

      City and County           Palmer, Mat-Su Burrough

      State and Zip Code        Alaska 99645

      Telephone Number        907-745-4811

      E-mail Address *(if known)*

Defendant No. 3

      Name                                           City of Wasilla

      Job or Title *(if known)*       City Clerk

      Street Address              290 E. Herning Ave.

      City and County           Wasilla, Mat-Su Burrough

      State and Zip Code        Alaska 99654

      Telephone Number        907-373-9090

      E-mail Address *(if known)*

Defendant No. 4

      Name                                           Skiba, Sawyer

      Job or Title *(if known)*       City of Wasilla Police Officer

      Street Address              290 E. Herning Ave.

      City and County           wasilla, Mat-Su Burrough

      State and Zip Code        Alaska 99654

      Telephone Number        907-373-9010

      E-mail Address *(if known)*

**Defendant No. 5**

| | |
|---|---|
| Name | Taylor, Treg R. |
| Job or Title *(if known)* | State of Alaska Attorney General |
| Street Address | PO Box 110300 |
| City and County | Juneau |
| State and Zip Code | Alaska 99811-0300 |
| Telephone Number | 907-465-3600 |
| E-mail Address *(if known)* | |

**Defendant No. 6**

| | |
|---|---|
| Name | Taylor, Treg R. |
| Job or Title *(if known)* | State of Alaska Attorney General |
| Street Address | 1031 W. 4th Ave. Suite 200 |
| City and County | Anchorage |
| State and Zip Code | Alaska 99501-1994 |
| Telephone Number | 907-269-5100 |
| E-mail Address *(if known)* | |

**Defendant No. 7**

| | |
|---|---|
| Name | Hoffer, Tom |
| Job or Title *(if known)* | Palmer District Attorney |
| Street Address | 515 E. Dahlia St. Suite 150 |
| City and County | Palmer |
| State and Zip Code | Alaska 99645-6416 |
| Telephone Number | 907-761-5648 |
| E-mail Address *(if known)* | |

**Defendant No. 8**

| | |
|---|---|
| Name | Wirninger-Howard, Melissa |
| Job or Title *(if known)* | Palmer District Attorney |
| Street Address | 515 E. Dahlia St. Suite 150 |
| City and County | Palmer |
| State and Zip Code | Alaska 99645-6416 |
| Telephone Number | 907-761-5648 |
| E-mail Address *(if known)* | |

**Defendant No. 9**

| | |
|---|---|
| Name | Roetman, Noah |
| Job or Title *(if known)* | Assistant District Attorney |
| Street Address | 515 E. Dahlia St. Suite 150 |
| City and County | Palmer |
| State and Zip Code | Alaska 99645-6416 |
| Telephone Number | 907-761-5648 |
| E-mail Address *(if known)* | |

**Defendant No. 10**

| | |
|---|---|
| Name | Mat-Su Regional Medical Center |
| Job or Title *(if known)* | Information |
| Street Address | 2500 S. Woodworth Lp. |
| City and County | Palmer |
| State and Zip Code | Alaska 99645 |
| Telephone Number | 907-861-6000 |
| E-mail Address *(if known)* | |

**Defendant No. 11**

| | |
|---|---|
| Name | Doe, John |
| Job or Title *(if known)* | Mat-Su Regional Medical Center Doctor |
| Street Address | 2500 S. Woodworth Lp. |
| City and County | Palmer |
| State and Zip Code | Alaska 99645 |
| Telephone Number | 907-861-6000 |
| E-mail Address *(if known)* | |

**Defendant No. 12**

| | |
|---|---|
| Name | Guardian Security Systems, Inc. |
| Job or Title *(if known)* | |
| Street Address | 2600 Seward Highway |
| City and County | Anchorage |
| State and Zip Code | Alaska 99503 |
| Telephone Number | 907-274-5275 |
| E-mail Address *(if known)* | |

Defendant No. 13

    Name                Prahl, David

    Job or Title *(if known)*    Guardian Security Systems Security Officer

    Street Address       2600 Seward Highway

    City and County     Anchorage

    State and Zip Code    Alaska 99503

    Telephone Number    907-274-5275, 907-841-1133

    E-mail Address *(if known)*

Defendant No. 14

    Name                Crockett, Nathaniel

    Job or Title *(if known)*    Guardian Security Systems Security Officer

    Street Address       2600 Seward Highway

    City and County     Anchorage

    State and Zip Code    Alaska 99503

    Telephone Number    907-274-5275, 907-841-0496

    E-mail Address *(if known)*

Defendant No.

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No.

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                   ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**      **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C § 1983, Fourth Amendment, Eighth Amendment, Fourteenth Amendment

**B.**      **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

(See Attached Pages 1-13)

_____

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

### III. Statement of Claim.

On 10/31/21 at approximately 5:15 a.m. I was assaulted behind the Palmer Bar
in Palmer, Alaska. An unknown assailant struck me from behind with a bat or pipe like
object, literally crushing in my skull, at the base of the spine and skull. While in
a state of complete blackout, I made it to the Mc Donald's of Palmer, Alaska, ordered
a coffee, and then apparently according to the caller to 911, I sta down at the table
and lapsed into complete unconcious state. I have no memory of the events proceeding
the blow to my head, until the police began tazing me at approximately 8:45 a.m., but
the McDonald's employee who called 911 reported I had been unconcious for nearly two
hours, and when she had attempted to awake me, I did not respond and the movement had
caused me to fall onto the floor. Upon arriving on the scene as the first responders,
this is the only information that the police had of the situation. The did not talk
to any witnesses upon arriving and finding me unconcious, nor did they contact EMS,
they for some reason automatically assumed I was homeless and drunk, in spite of the
fact the back and entire side of my head is grossly swollen out more than an inch past
my ear on the one side, to the point that at first glance, and clearly evident in the
video's as well, swollen grossly disproportionate from the other side of my head. As
stated, the officers without any further inquiry, assumed I was a drunk homeless person
and began attempting to physically rouse me awake without contacting EMS.

Several attempts were made to revive me awake, and the officer's made several
physical contact's with me in these attempts, before I had gained any sort of
concious or cognative state.

1.      The first contact is at the timestamp of 8:43:31 a.m. in officer Lynch's bodycam
recording MPLO_3_103021103746_8. Officer Lynch pulls the hood of my sweatshirt back
to reveal my face, then grabs my head by palming the top of my head, and while turning
my face upwards towards him, he instructs me to wake up. In his police report, he

falsely testifies that he gave me a gentle sternum rub.

2.     I make no response to his attempt to awake me.  He then proceeds to pat me down, and searching my person, removing my wallet and emptying my pockets.  While officer Lynch is searching through my wallet, he finds and calls in my AK drivers license, and officer Skiba continues the attempted awakening of me with no results of response.

3.     At 8:46:50 a.m. officer Lynch physically engages in contact with me a second time.  This time he begins tapping the side of my chest with the back of his hand, and instructing me to give him my hand to help me up.  I remain unconcious and I do not make any sort of response.

4. At 8:46:51-52 officer Lynch then switches from tapping the side of my chest to the more aggressive tactic of poking me in the chest.  This is the first moment I make any sort of reaction to the officer's continued attempts to rouse me awake.  Without open-ing my eyes, still un-coherant and clearly unconcious, and in a unconcious reaction to the initiated physical contact of officer Lynch poking my chest, I simply make a blind swat at his hand.  I make no other sort of reaction other than the one swat.

5.     At 8:47:08 a.m. officer Lynch repeats my name trying to communicate with me, and once again, incoherent and as an un-concious reaction, without opening my eyes or any sort of acknowledgement, I mumble "dam it."   (In his police report, in an attempt to hide his gross negligence and misconduct, officer Lynch falsely states that I, "opened his eyes, looked at me and told me to 'fuck off'.  At that time, it was obvious that Mattila was intentionally delaying and inhibiting his immanent arrest."  He continues speaking to attempt to awake me but I make no other response than the two mumbled words "dam it."  So accordingly to his "probable cause" for the sake of the Fourth Amendment search and seizure, as he explains to his super-visor at approximately 8:53:00 a.m. in the body cam recording, and in combination with the statements of the police report, this is the actual moment I became "under arrest"

and an illegal seizure in violation of my Fourth Ammendment right. His police reports falsely state I was conciously and coherently communicating with him and attempting to strike him engaging in a fight, but the video evidence clearly shows beyond any reasonable doubt that to this point I am under arrest for blindle and incoherently swatting at the hand aggressively poking my chest, and incoherently and unconciously mumbling "darn it". The "arresting charge" is assault against an officer, and the report and his staements make clear I was avoiding arrest at this point.

6.     At 8:47:17 officer Lynch who has determined I am now under arrest continues to attempt to awake me by once again aggressively poking me in the chest.  I once again, in an in-coherent and un-concious reaction to his physical contact to an unconcious person, simply make another blind swat at the hand poking my chest, as I stated without opening my eyes or even making any sort of cognative recognition of the circumstances or who or what is poking my chest.  Officer lynch then says, "Take a swing at me again and I'm gonna taze the shit out of ya, and that's gonna wake ya up.  Ya get what I'm saying?"  After he says this, the very first sort of reaction that could even be considered a concious reaction, is that finally for the first time in all this I open my eyes, which obviously and clearly are struggling to focus, then roll back into my head as I close my eyes and slip back into full unconciousness.  (Again, the false testimonies in the police reports of both officers involved, falsely attest that I was attempting to strike officer Lynch with a closed fist in an active and concious engaging of a fight.  Officer Lynch states in his report, lies to his supervising officer, and lies under oath of perjury in his affidavit, that I was initiating a attack against him, versus what the video's show that beyond any sort of doubt, I am simply just unconciously reacting to his physical aggression.  As I stated, I was charge with AS11.41.230(a)(3) Assault in the Fourth Degree, and regardless if at the first blind reaction or the second, the latest by any accounts was at this point I was "officially" under arrest, and an illegal stop and seizure, and based on false charges initiated simply to hide and justify the officers excessive force that ensued after this.  The officers also failed to read me my

miranda rights at any point all throughout the entire morning even through
booking at the jail after my arrest.)

-7.-    At this point, as I stated I am still unconcious, I have been officially deemed
"under arrest" for allegedly attacking officer Lynch, and the officer's begin to pick
up my unconcious body to handcuff me.  I am nearly fully errect, and both officer's
holding me errect on my feet before I make any sort of actual concious response to
them.  I have no memory of any of this, until the actual engaging of the tazer, but
it is clear in the recording I had just began to start to comprehend the circumstances,
although somewhere in my subconcious I had registered officer Lynch threatening to
taze me, on account of the following: As the video clearly shows, I have only been
conciously awake for less than 10 seconds, I am wobbling on my feet and officer Skiba
is both steading me by, and has me restrained in a full arm bar lock behind my back.
I then simply motion with the other free arm at officer Lynch's tazer and I ask him,
"Ya wanna taze me?"  And in response, officer Lynch pulls the tazer out of his holster
and aims it at my groin area and says, "I do."  To be clear, and the video shows this
beyond any reasonable doubt, I am fully and safely restrained in an arm bar hold by
officer Skiba holding an arm locked behind my back, so even if I had been actually
attempting to attack him again, (the police report falsely alleges that I broke away
from the officers and raised both fists in an attempt to strike officer Lynch) I was
not nor could I have been any sort of actual threat to officer Lynch's safety to
warrant the use of the tazer.  That being said, I simply again with the one free hand
motion at the tazer now pointed at my groin area and say, "Huh. Yeah? Well go ahead."
Officer Lynch then deploys the tazer's remote prongs and commences to begin tazing me
with no other sort of provecation or any possible conceived threat to his safety.

8.    While officer Lynch is tazing me (the police reports again falsely states that
I "continued" to "resisr arrest" and I was falsely charged with resisting arrest), and
officer Skiba still has me in a arm bar hold, the video clearly shows me not only not
resisting the officers, but I am clearly still attempting to comply with the officers
and attempting to bring my other hand behind my back while I am being tazed, in order
to allow officer Skiba to handcuff me.  Yet instead of taking my other arm I am trying
to offer, the officer using the arm bar hold proceeds to fling me across the aisle onto
a table.  As I am violently flung onto the table, I am forced to retract my arm to
break my fall and so I don't face plant onto the table.  Officer Skiba who still has
me in a firm arm bar lock, uses the hold to apply further pressure, forcing me to
remain with my arm pinned underneath my body with excruciating pain of the arm bar lock,
and all this while officer Lynch is still tazing me.  I clearly do not at any point
offer any sort of resistance.  The tazer runs the full cycle, and officer Lynch immed-
iately begins to command me to put my other hand behind my back. (Again according to
the false testimonies in the police reports, which state I began actively resisting
arrest and required to be tazed a second time.)  The video clearly shows beyond any
reasonable doubt that I am pinned over my arm with an arm bar hold and without possibly
dislocating my shoulder or at a minimum experiencing extreme excruciating pain, I am
not able to lift my body off my arm, and officer Lynch has not even finished the
command to get my hand behind my back, and he has started the tazer back up again.
About the time that he finishes the command to get my hand behind my back, he comes in
with the tazer and commences to simotaniously taze me with the remote rongs stuck in
my leg, and begins jabbing me in the back and side double tazing me.  This causes me
to momentarily freak out and get enough of an adreniline surge that I am able to endure
the excruciating pain of lifting my body up enough against the arm bar hold that officer
Skiba still has me pinned to the table with, and I manage to get my arm out from
under my body to get it behind my back to cuff me up.

9.     As I stated, the video evidence shows beyond any shadow of doubt to be a false

charge, but I was charged with AS 11.56.700(a)(3) Resisting or Interfering With Arrest.

The video clearly shows I was actually fully attempting to comply with the illegal

arrest and seizure, and the officers were ignoring my attempts to comply, ant they

were aggressively assaulting me with gross un-justified excessive force, and then in

an attempt to try cover up and justify their crimes, they charged me with false

charges.

10.    Officer Lynch again makes more false allegation of my attacking him as I was

being put into the back of the squad. (his police report and sworn affidavits state

that I began to attempt to attack the officers again and I lost my balance, and he

allowed me to fall into the squad, and then I kicked his knee with significant force.)

Once again, the video evidence proves the exact opposite, that I simply shrug off his

assistance in entering the vehicle, and this makes him angry, and he literally steps

back to gain full force as he lunges foreward and violently shoves me with both arms

into the vehicle causing  my head to be violently smashed on the door jamb of the squad

car.  It was a completely un-provoked and most certainly un-warranted outright assault

against me causing serious physical harm in the form of a severe concussion while I am

already suffering from severe TBI.  This is at a minimum a Assault in the Second Degree

and a class B felony assault.  And after the violent assault, I land on my back in a

defensive postuer I prepare my leg to defend myself if officer Lynch tries to continue

the attack into the squad after me.  The video clearly shows beyond any sort of doubt

that not only do I not make any contact to officer Lynch with my foot, I never get

within two feet of the knee he claims I "kicked with significant force."

11.    As I stated, already suffering from severe TBI, being tazed, and then receiving

a second severe TBI, I slip back into total blackout and have no memory until demanding

a drink of water at the hospital during the intake.

Apparently on account that I was not being compliant with the hospital staff, and based on officer Lynch's assumption I was drunk, everyone then proceeded to assume I was just being a beligerant drunk, instaed of the truth and reality, I was suffering from severe Traumatic Brain Injury.  Not once all throughout the morning, did anybody ever attempt or even ask me to take a Breathalizer or BAC test to detremine if I was intoxicated. Not from the arrest, not at the hospital, nor even at booking into the jail.  I was not tested for intoxication.  I know from what I drank that night, and my friend and bartender that served me that entire evening will verify that even at 5:15 a.m. when I left the bar(after closing with plans to come back after getting a sandwich and some smokes),I would have been barely over the legal limit if I was even that.  Three and a half hours later I certainly would have been well under the legal limit and I was not drunk.  But regardless, without any tests or verification, I was deemed drunk and beligerant, and released without any medical attention.

12.    While we were leaving the hospital, as we pass a bathroom I attempt to turn to officer Lynch to get him to allow me to get a drink of water.  He shoves me down the hall until we get to the exit door into the ambulance bay where his squad is parked. I honestly only remember bits and pieces of the following weeks, and the memory I have at the event is nearly as false as the police report account of it, and the video shows I am clearly hallucinating as I believe I am stoppong and bending over a drinking fountain to get a drink of water.  However the memory I have of being ripped off my feet by the hood of my sweatshirt and choked unconcious is real.  (once again, the police report falsely states that at the doorway I stopped, leaned foreward, attempted a rear kick at officer Lynch's groin grazing between his legs, and that he grabbed my foot and wrestled me to the floor and held me in a leg bar until assistance arrived to help him restrain me.)  And once again the video evidence shows another quite opposite story to be true.  I simply stopp walking, turn towards and bang my head into

the wall. As I stated, I am hallucinating for sure, as there is no water fountain that I believe I am bending over. Officer Lynch then begin's attempting to shove me foreward with the grip on the arm handcuffed behind my back, and says, "I'd chill the fuck out if I were you." As I said, he falsely states that I attempted to kick him and he "takes me down" with the captured foot, but the film clearly shows him reaching up from his hold on my arm to grab ahold of the hood of my sweatshirt, and then officer Lynch violently rips me right off my feet backwards by the hood of my sweatshirt. And while I am laying on the floor, not even in the slightedt way resisting or fighting back against this second violent un-provoked attack, the vidoe shows officer lynch picking me partially up by a grip on my head with both hands, then proceeds to leave one hand on my head to push against, and resumes the grip on the hood of my sweatshirt with the other hand and proceeds to begin strangling me. I do clearly remember this part as the video shows, but it's the last thing I remeber for the next couple days outside a couple other random fragments. Lynch proceeds to continue to strangle me for approximately a minute and a half, as I am absolutely not resisting at all, until I am completely unconcious. This is textbook definition of AS 11.41.200 Assault in the First Degree which is a class A felony. And once again, I was charged with disorderly conduct for "attempting to fight" to cover up officer Lynch's severe misconduct and felony assault against me.

13. As I stated, it takes about a minute and a half for him to choke me out completely unconcious. Two security guards from the hospital are standing there watching officer Lynch strangle me unconcious, who afterwards help him pick up and haul my unconcious body out into the squad parked in the ambulance bay. I was never given any sort of further medical attention, in spite I was just strangled unconcious by officer Lynch in a gross unjustified use of deadly force by definition of statute, while I was suffering from multiple head trauma's.

Having now established the factual events that are all verified by the video evidence on record in the criminal Case No. 3PA-21-02299CR in the District Court for the State of Alaska at Palmer, I State the following claims of violation of my federally protected constitutional rights.

I.    Officer Lynch of the Palmer PD, acting under the color of law, violated my Fourth Amendment right to be secure against unreasonable search and seizure by performing the following actions:

1.    Without probable cause he made an illegal seizure and search of my person.

2.    In the course of that illegal search and seizure, he used gross and un-justifiable excessive force, not applied in good faith effort to maintain or restore discipline but in a malicious and sadistic method intended to cause harm.

3. He falsified police reports, made false statements under oath of perjury, lied on video recording to his supervising officer, and filed false charges without probable cause to justify and hide his illegal arrest and use of excessive force.

4. He committed two counts of AS 11.41.210 Assault in the Second Degree against me which is a class B felony charge.

5.    He committed one count of AS 11.41.200 Assault in the First Degree against me of which is a class A Felony charge.

6.    And he again falsified his police reports, made false statements under oath of perjury, lied on video recording to his supervising officer, and filed more false charges without probable cause to hide these felony assault crimes against me.

II.    Officer Lynch of the Palmer PD, acting under the color of the law, violated my Eighth Amendment right to be free of cruel and unusual punishment in the following actions.

1.    On account that he was unhappy with me not responding to his attempts to awake me, in an intentional and malicious manner of retrubution, officer Lynch treated my severe medical needs with indifference, and as a police officer not qualified to make medical determinations, and without attempting to verify if I was actually intoxicated or suffering from severe head trauma as is the other explanation for 100% of the signs exhibited in my behavior, he not only failed to call paramedics to the scene, he then intentionally and purposefully failed to report his causing severe concusion to the medical staff at the hospital to hide his felony assault against me when he violently smashed my head against the door jamb of his squad.

2.    And again, after choking me out completely unconcious at the hospital, he again purposefully and intentionally denied me critical medical attention, by ordering the hospital security staff to assist him to hauling my unconcious body out to his squad, in order to hide his Class A Felony Assault of me.

III.  Doctor John Doe working for the Matsu Regional Hospital under contract for the City of Palmer violated my Eighth Amendment right to be free of cruel and unusual punishment for the following action.

1.    The doctor simply assumed that I was intoxicated based on the false and unverified testimony of officer Lynch, and himself as a medical proffessional failed to make any sort of verification if I was "drunk and beligerent", or the other just as plausible explanation for 100% of the actions and behavior I was displaying to be consistant with someone suffering from severe head trauma.  And in retaliation and cruel and unusual punishment for "being intoxicated and un-cooperative" with medical staff, I who was in all reality, by lawful definition in the circumstances a vulnerable adult suffering from severe head trauma denied critical medical attention as a punishment the medical staff's negligent assumption I was a beligerent drunk.  I was denied as I state

stated critical needed medical care for severe head trauma, and released to be booked
in jail.

**IV.**   Officer Skiba of the Wasilla PD, acting under the color of law, in concert with
officer Lynch violated my Fourth Amendment right in his following actions:

**1.**   He was in volved in assisting officer Lynch in all actions from the begining up
until the violent assault at the squad car.  As I stated in the facts of events, when
I was attempting to comply with the false arrest and bringing my arm behind my back to
allow him to handcuff me while officer Lynch was tazing me, he used the arm bar hold
he had me already restrained with, to fling me across the aisle of the dining room
onto a table instead.  As an officer of the law, who swore an oath to protect and serve
me and my constitutional rights, he is obligated to intervene with another officers
clear and obvious misconduct.  Officer Skiba is also a Feild Training Officer as well
for the Wasilla PD so there is no excuse at all for allowing the sort of misconduct
of officer Lynch, let alone to assist him in the gross misconduct, let alone help him
to hide it by supplying false testimony in his own supplemental police report.

**V.**   Acting under the color of law, on behalf of the City of Palmer and the State of
Alaska, Palmer District Attorney Tom Hoffer, while having the exculpatory evidence at
his disposal to prove beyond any reasonable doubt that I did not committ the crime
alleged against me by officer Lynch, as well as proving beyond any form of reasonable
doubt that officer Lynch committed multiple assaults against me Tom Hoffer and the
Palmer District Attorney office chose to prosecute me anyway in spite the evidence
proving beyond all doubt I did not do any of the alleged actions.  This being a violation
of both my Fourth Amendment and Fourteenth Amendment rights.

   In addition to this, after Tom Hoffer quit the District Attorney office as my
prosecuting attorney, and hired on to the Public Defender Agencey, he was assigned

as my second Public Defender Attorney without informing me of this conflict of interest, without my knowledge of this conflict of interest and certainly without my consent to him being assigned as my defense counsel. Tom Hoffer then proceeded to give me gross ineffective counsel in these matters trying to convince me that I had no valid case, and that the body-cam recording showed no incriminating evidence against the officers, and attempted to convince me to plead out to assault charges against the officer. When Tom Hoffer was re-assigned from my case, and eventually removed from the Public Defender Agency after I raised issue of this gross conflict of interest and misconduct, Tom Hoffer removed the video evidence from the Public Defender Agencey's case file for me before the next attorney Molly Banis was assigned to my case.

VI.   The current acting Palmer District Attorney Melissa Winninger-Howard and assistant district attorney Noah Roetman continue to this day in violation of my Fourth Amendment and Fourteenth Amendment rights in the continued malicious prosecution of this case while holding the exculpatory video evidence that proves beyond any sort of reasonable doubt that I am innocent of all the charges. They also have used malicious and unjustifiable dilatory practices in refusing to give up discovery items for months, such as the exculpatory video's, that are automatic discovery items which took 6 months to receive after the court orderd expedited discovery in the matter. These actions were intentional for the purpose of delaying and inhibiting my defense of these false charges, and hiding the evidence of officer Lynch and officer Skiba's gross misconduct. It is of my belief that, the excessive dilatory practices of still not being discovery complete at days short of the two year mark, have been an intentional and malicious act intending to run out the statute of limitations.

VII.   The City of Palmer is in violation of my Fourth and Fourteenth Amendment rights in allowing the behavior of officer Lynch to continue with prior record of similar acts both prior.

acts of misconduct and proceeding the events of my case as well. The City of Palmer
has a policy of indifference to these actions and could have been detered these events
had they better policy to curb this sort of misconduct. And as with the District
Attorney Office, the City of Palmer has while holding the exculpatory evidence to prove
my innocence and the officers misconduct, chose to allow this malicious prosecution
to continue, and holding un-refutable video evidence of police camera recordings that
prove the vicious acts of assault from officer Lynch, the City of Palmer has not only
refused to take action against the officer, but has gone out of the way to protect the
officer to the extent of outright contempt of court order to disclose discovery ordered
by the District Court for the State of Alaska.

<u>(See Attached Pages 1-2)</u>

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        10/24/2023

Signature of Plaintiff

Printed Name of Plaintiff        Lonny Mattila

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## IV. Relief

I seek the following relief for the damages listed in the Statement of Claims of this complaint.

1.   Resultihg from the actions of gross excessive force, outright blatant assault of my person, not applied in good faith to maintain or restore discipline, but were action of malicious and sadistic behavior done with the intention of causing harm to my person, I have and will continue to suffer serious and permenant brain injury, severe and permenant emotional and psycological injury, of which has and will continue to burden my normal everyday life, and has caused and will continue to cause loss of enjoyment of life in a significant degree, including but not limited to PTSD, severe anxiety, and depression, to the extent of causing my body to react violently with an autoimmune disease causing more severe and debilitating illness.

2.   Resulting from the actions of filing false charges against me to hide the gross misconduct of the officers, and the continued malicious prosecution that ensued from those charges in spite of the exculpatory evidence proving my innocence, and all the additional legal problems that arose as a direct result of the false charges and the malicious prosecution, has resulted in causing severe stress  that has caused in addition to the brain damage more severe and debilitating emotional and psycological injury causing harm to normal life function and major loss of enjoyment of life.

3.   Resulting from the actions outlined in IV. Relief § 1. and 2. above, in addition to the damages listed, I have also suffered loss of wages for the past two years, suffered from and will continue to suffer from irrepairable damage to my reputation and carreer in the construction management trade, causing permanent future loss of wages from these damages.including from th

In addition to the unreasonable pre-trial release conditions, and the unatainable and unreasonable bail current conditions causing me to be incarcerated for these false charges I have suffered more than 16 months of false imprisonment.

4.    Resulting from the actions of the medical staff at Matsu Regional Hospital, acting on behalf and in contract with the City of Palmer, whom acted with reckless indifference towards my critical medical needs, and inflicting cruel and unusual punishment of malicious disregard for those critical medical needs in retaliation of my behavior caused by severe head trauma, not by the blatant negligence of diaglosing me to be drunk and uncooperative from intoxication, with no attempt even to determine whether I was indeed intoxicated, and these actions and cruel and unusual denial of critical medical needs contributed significantly to serious and permanent brain injury, severe and permanent psycological and emotional injury, of which has and will continue to harm my normal life function, and has caused add will continue to cause future loss of enjoyment of life.

For these damages I am seeking relief of monetary compensatory damages in excess of Five Million Dollars to be determined by a jury trial.

For these acts of malicious and reckless indifference to my Federally protected rights causing these damages, I am seeking relief of monetary punative damages in excess of Fifteen Million Dollars to be determined by a jury trial.

Lonny Mattila #757977
Goose Creek Correctional Center
22301 West Alsop Road
Wasilla AK 99623

quadient
FIRST-CLASS MAIL
IMI
$004.21 Indigent
10/27/2023 ZIP 99654
043M31247126
US POSTAGE

Clerk of Court
United States District Court
District of Alaska
222 W. 7th Avenue, Box 4
Anchorage Alaska 99513-7564