IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LONNY P. MATTILA,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF PALMER, et al.,<br><br>     Defendants. | Case No. 3:23-cv-00251-JMK |

## **SCREENING ORDER & ORDER GRANTING STAY**

On October 30, 2023, self-represented prisoner Lonny P. Mattila ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment/payment of the filing fee, a motion to accept his late filings, and a motion to stay this action pending the resolution of his ongoing state criminal proceedings.[1] Plaintiff alleges police officers used excessive force against him during his arrest on October 31, 2021, and that he was wrongfully arrested, falsely imprisoned, not provided with adequate medical treatment, and maliciously prosecuted.[2] Plaintiff claims Defendants violated his rights under the Fourth,

---

[1] Dockets 1–4.

[2] Docket 1 at 9–14, 17, 20, 24.

Eighth, and Fourteenth Amendments to the U.S. Constitution.[3] For relief, Plaintiff seeks $5 million in damages and $15 million in punitive damages.[4]

Pursuant to Rule 201 of the Federal Rules, the Court takes judicial notice[5] of Plaintiff's ongoing criminal prosecution in state court in *State v. Mattila,* Case No. 3PA-21-02299CR.[6] Plaintiff filed a motion to stay this federal case pending the outcome of those state criminal proceedings. The Court has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, and identified several deficiencies as explained below. However, the Court refrains to consider the remaining claims pending the conclusion of Plaintiff's state case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

---

[3] Docket 1 at 7.

[4] Docket 1 at 24.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[6] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 2 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 2 of 14

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Additionally, although the scope of review generally is limited to the contents of the complaint, a district court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Information that contradicts the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a district court may dismiss any portion of a complaint, it must provide a plaintiff with an opportunity to file an amended complaint or otherwise address

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 3 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 3 of 14

the problems, unless to do so would be futile.[13] However, a district court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[14]

## DISCUSSION

### I. Plaintiff's Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[15] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."[16]

---

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). *See also Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (explaining futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

[14] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

[15] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[16] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 4 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 4 of 14

In deciding whether to grant a stay, the Ninth Circuit instructs courts to weigh "the competing interests which will be affected," which include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[17] "The proponent of a stay bears the burden of establishing its need"[18] and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else."[19] "Generally, stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."[20]

"Courts in this district have routinely granted stays where there are overlapping issues of fact or law with a case before different district courts or on appeal."[21] For example, if a plaintiff files a false-arrest claim before he has been

---

[17] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[18] *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

[19] *Landis*, 299 U.S. at 255.

[20] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

[21] *Vance v. Google LLC,* Case No. 5:20-CV-04696-BLF, 2021 WL 534363, at *3 (N.D. Cal. 2021) (collecting cases).

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 5 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 5 of 14

convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.[22] Therefore, Plaintiff's motion for stay at Docket 4 is GRANTED.

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[23] To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[24] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]

---

[22] *Wallace v. Kato,* 549 U.S. 384, 393–394(2007).

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[25] *Ashcroft*, 556 U.S. at 678.

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 6 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 6 of 14

A complaint should set out each claim for relief separately and include specifics about each named defendant is involved.[26] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[27] Factual allegations must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[29] Vague and conclusory allegations of participation in civil rights violations are not sufficient.[30] Rather, Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[31]

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal

---

[26] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[27] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[28] *Ashcroft,* 556 U.S. at 678.

[29] *Id.* at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[30] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[31] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 7 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 7 of 14

statutes.[32] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[33] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[34] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[35]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[36] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[37]

---

[32] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[33] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[34] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[35] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[36] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[37] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 8 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 8 of 14

## IV. Plaintiff Names Improper Defendants

A defendant in a civil rights lawsuit must be a "person."[38] The State of Alaska, the Mat-Su Regional Hospital and Guardian Security Systems, Inc., and the District Attorney's Office are not persons, so Plaintiff's claims against them are not viable. Further, Plaintiff cannot maintain claims against the individually named district attorneys because prosecutors are absolutely immune from suit for actions taken in within the scope of their prosecutorial duties.[39] Therefore, Plaintiff's claims against Palmer District Attorney Tom Hoffer, Palmer District Attorney Melissa Winninger-Howard, and Palmer Assistant District Attorney Noah Roetman are also not viable.

## V. Cruel and Unusual Punishment

The protections of the Eighth Amendment are "reserved for 'those convicted of crimes' . . . ."[40] Plaintiff was not a convicted prisoner in the custody of the state at the time of the alleged violations, and as such, the Eighth Amendment does not

---

[38] 42 U.S.C. § 1983.

[39] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). *See also Broam v. Bogan,* 320 F.3d 1023, 1029–30 (9th Cir. 2003) (explaining that prosecutors are absolutely immune "for failure to investigate the accusations against a defendant before filing charges," "the knowing use of false testimony at trial," and failing "to preserve or turn over exculpatory material.").

[40] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only *after* the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions") (emphasis added).

apply. Therefore, Plaintiff's claims under the Eighth Amendment are DISMISSED with prejudice.

## VI. Plaintiff's Remaining Claims

As mentioned above, claims related to rulings that will likely be made in a pending or anticipated criminal trial may be stayed pending the close of those proceedings. Further, some claims—such as wrongful arrest and malicious prosecution—are not cognizable until the resulting criminal charges have been dismissed or the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[41] "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[42] "If the district court determines that the plaintiff's action, even if successful, will *not*

---

[41] *Heck v. Humphrey,* 512 U.S. 477 (1994). *See also Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that *Heck* barred plaintiff's § 1983 claim of wrongful arrest because a wrongful arrest "could not have occurred unless he were innocent of the crimes for which he was convicted"); *Thompson v. Clark,* 596 U.S. 36, 44 (2022) ("In accord with the elements of the malicious prosecution tort, a Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him.").

[42] *Id*. at 487.

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 10 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 10 of 14

demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed absent some other deficiency."[43]

For these reasons, Plaintiff's remaining claims are STAYED pending the duration of his state criminal proceedings. Plaintiff shall provide a Status Report every six months or upon the close of state proceedings. If Plaintiff is ultimately convicted, and if any of the stayed claims would impugn that conviction, *Heck* will require dismissal without prejudice.[44] Otherwise, the claims may proceed, absent some other bar to suit.[45] Therefore, upon the close of state proceedings, Plaintiff shall file either an amended complaint or a notification that he intends to proceed on his remaining claims. Then, the Court will screen Plaintiff's remaining claims pursuant to 28 U.S.C. § 1915 to determine if any claims may proceed to the next stage of litigation.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's claims against the State of Alaska are **DISMISSED with prejudice.**

---

[43] *Id.*

[44] *Cf. Bradford v. Scherschligt*, 803 F.3d 382, 387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are fully and finally resolved and can no longer be brought against defendant; here, acquittal at retrial). *But see Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998) (plaintiff's excessive force claim accrued on date of arrest because claim, if successful, would not necessarily imply the invalidity of his conviction).

[45] *Edwards v. Balisok,* 520 U.S. 641, 649 (1997); *Heck,* 512 U.S., at 487.

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 11 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 11 of 14

2. Plaintiff's claims against the Mat-Su Regional Hospital and Guardian Security Systems, Inc. are **DISMISSED with prejudice.**

3. Plaintiff's claims against the District Attorney's Office, Attorney General Treg Taylor, and the individual District Attorneys and Assistant District Attorneys are **DISMISSED with prejudice.**

4. Plaintiff's claims under the Eighth Amendment are **DISMISSED with prejudice.**

5. Plaintiff's motion for a stay at **Docket 4 is GRANTED.**

6. Plaintiff shall provide a **Status Report every six months** or upon the close of state proceedings.

7. **Upon the close of state proceedings,** Plaintiff shall either file an amended complaint or a notification that he intends to proceed on his remaining claims.

8. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

9. While federal law allows a litigant to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire statutory filing fee is paid in full, regardless of the outcome of the case.[46]

---

[46] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (the $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915."). If a prisoner plaintiff sufficiently pleads

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 12 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 12 of 14

10. Upon the close of the state proceedings, if Plaintiff is not in custody, he must either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[47] Failure to comply may result in dismissal of this action.

11. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[48] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

12. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

13. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[49] The Notice shall not include requests for any other relief.

---

a claim for relief, the Court will issue a separate order on the collection of the filing fee.

[47] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[48] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[49] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 13 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 13 of 14

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

14. Plaintiff's motions at **Dockets 7–8 are DENIED as moot.**

15. The Clerk shall terminate the defendants listed in 1–3 above from this action.

16. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 5th day of June, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00251-JMK, *Mattila v. City of Palmer, et al.*
Screening Order & Order Granting Stay
Page 14 of 14
Case 3:23-cv-00251-JMK   Document 9   Filed 06/05/24   Page 14 of 14