# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

LONNY P. MATTILA,

                Plaintiff,

         v.

CITY OF PALMER, et al.,

              Defendants.

Case No. 3:23-cv-00251-ACP

LONNY P. MATTILA,

                Plaintiff,

         v.

CITY OF WASILLA, et al.,

              Defendants.

Case No. 3:24-cv-00056-ACP

## ORDER OF DISMISSAL

Pending before the Court are the two above-captioned cases filed by Lonny P. Mattila ("Plaintiff").[1] The Court stayed each case pending the conclusion of Plaintiff's criminal prosecution in *State v. Mattila,* Case No. 3PA-21-02299CR, and ordered Plaintiff to file a Status Report every six months.[2] On July 7, 2025, Plaintiff filed a Status Report claiming that his criminal charges were dismissed and

---

[1] Plaintiff filed Case No. 3:23-cv-00251-ACP ("Case 251") on October 30, 2023, and Case No. 3:24-cv-00056-ACP ("Case 56") on March 14, 2024.

[2] Case 251, Docket 9; Case 56, Docket 8 at 10.

seeking an additional six month stay to pursue settlement negotiations.[3] The Court granted Plaintiff's request and ordered him to file a status report no later than January 9, 2026.[4] On January 28, 2026, the Court notified Plaintiff of his missed deadline and ordered him to file a status report by February 11, 2026.[5] The Court's Order regarding his missed deadline and Order reassigning this case were returned to the Court as undeliverable.[6] To date, Plaintiff has not responded or otherwise contacted the Court.

## DISCUSSION

Federal Rule of Civil Procedure 41 ("Rule 41") governs the dismissal of federal actions. Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute.[7] Plaintiffs are required to prosecute their case with "reasonable diligence."[8] In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---

[3] Case 251, Docket 19; Case 56, Docket 17.

[4] Case 251, Docket 20; Case 56, Docket 18.

[5] Case 251, Docket 21; Case 56, Docket 19.

[6] Case 251, Docket 23; Case 56, Docket

[7] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–63 (9th Cir. 1992).

[8] *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 967 (9th Cir. 1978).

Case No. 3:23-cv-00251-ACP, *Mattila v. City of Palmer, et al.*
Case No. 3:24-cv-00056-ACP, *Mattila v. City of Wasilla, et al.*
Order of Dismissal
Page 2 of 5

cases on their merits; and (5) the availability of less drastic sanctions."[9] Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal.[10]

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—strongly support dismissal.[11] Plaintiff missed the January 9, 2026 deadline to file a status report and again failed to comply with the Court's February 11, 2026 extended deadline. While the delay here may appear minimal due to the stay, the Court is unable to contact Plaintiff because of Plaintiff's failure to update his address. Plaintiff has not updated his address or otherwise contacted the Court since he sought an extension of time to file his status report in July 2025. Plaintiff's failure to keep the Court apprised of his current address hinders the Court's ability to move this case toward disposition and indicates that Plaintiff no longer intends to litigate this action diligently. Further, a presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action.[12] Because Plaintiff has not offered any justifiable

---

[9] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

[10] *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1990).

[11] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[12] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Case No. 3:23-cv-00251-ACP, *Mattila v. City of Palmer, et al.*
Case No. 3:24-cv-00056-ACP, *Mattila v. City of Wasilla, et al.*
Order of Dismissal
Page 3 of 5

reason for failing to comply with the Court's deadlines, the third factor also favors dismissal.[13]

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[14] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[15] Because the Court has no means of contacting Plaintiff without a current address, no lesser sanction is available in these cases. The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[16] The Court has previously permitted Plaintiff to file late status reports and notified Plaintiff of missed deadlines. But the Court cannot suspend this case indefinitely. It would be imprudent to wait any longer for Plaintiff to resume prosecuting these cases with the requisite diligence.

Based on the foregoing, each case must be dismissed for failure to comply

---

[13] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[14] *Pagtalunan*, 291 F.3d at 643.

[15] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

[16] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

Case No. 3:23-cv-00251-ACP, *Mattila v. City of Palmer, et al.*
Case No. 3:24-cv-00056-ACP, *Mattila v. City of Wasilla, et al.*
Order of Dismissal
Page 4 of 5

with a local rule,[17] failure to comply with an order of the Court,[18] and failure to prosecute.[19] The dismissal shall be without prejudice to preserve Plaintiff's ability to seek relief.[20] The Court finds no other lesser sanction to be satisfactory or effective in these cases.[21]

**IT IS THEREFORE ORDERED:**

1.      Each above captioned action is **DISMISSED without prejudice for failure to prosecute**.

2.      All pending motions are **DENIED as moot.**

3.      The Clerk of Court shall **LIFT the STAY**, issue a final judgment, and close each case.

DATED this 7th day of April, 2026 at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[17] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[18] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[19] *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir.2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[20] *Id.*

[21] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives).

Case No. 3:23-cv-00251-ACP, *Mattila v. City of Palmer, et al.*
Case No. 3:24-cv-00056-ACP, *Mattila v. City of Wasilla, et al.*
Order of Dismissal
Page 5 of 5